ISADORE MORVAY, PLAINTIFF-APPELLANT, v. MARTHA GRESSMAN AND MARY A. ANGELO, ADMINISTRATRIX *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 1, 1954—Decided February 8, 1954.

Before Judges Eastwood, Jayne and Francis.

*Mr. Harry R. Coulomb* argued the cause for the plaintiff-appellant (*Messrs. Israel Davidow* and *John Rauffenbart*, attorneys).

*Mr. Robert G. Howell* argued the cause for the defendants-respondents.

On appeal from a judgment of the Chancery Division where Judge Haneman filed the following opinion:

"This is a suit to foreclose a tax sale certificate. The facts in connection herewith are as follows:

"Henry P. Gressman, being seized of title to property known as 415 East Broad Street, Millville, New Jersey, died intestate on March 9, 1936, leaving him surviving his widow, Martha Gressman, and several children of a marriage prior to his marriage to the said Martha Gressman. This property was his mansion house. On December 28, 1937 the City of Millville sold the said premises for non-payment of municipal taxes, and there being no other purchasers, purchased the tax sale certificate itself. Said City of Millville assigned said tax sale certificate to the plaintiff herein on July 28, 1944. On November 14, 1944 Mary A. Angelo was duly appointed and qualified as administratrix of the estate of Henry P. Gressman. On May 17, 1945 plaintiff filed his bill of complaint herein. On June 15, 1945 the Cumberland County Orphans' Court entered an order directing the above named administratrix to sell the lands and premises here involved. Pursuant to said order, said premises were so sold for the sum of $3600. On February 23, 1951 the Cumberland County Court (Probate Division) confirmed said sale and there is now deposited in this court, by virtue of a stipulation, the net proceeds of said sale, which shall be deemed in lieu and in place of the real estate here involved. No dower was ever assigned to the widow, Martha Gressman.

"On or about September 9, 1944 the plaintiff herein entered into possession of the premises here involved and expended considerable sums of money for improvements, maintenance and repairs to said premises, converting the same from a one-family residence to a house with several apartments.

"After varied, various and divers amendments and supplements to the pleadings over a protracted period of time, this matter finally came on to be heard before this court.

"Plaintiff seeks to force the defendants to pay for redemption not only all principal and interest on account of taxes which he has paid to the City of Millville, but as well all expenditures which he has made for gas, electric, fuel, maintenance, repairs, conversion of the property, and furniture and furnishings placed in said property to increase its rentability.

"The defendant Martha Gressman seeks a discovery and accounting from the plaintiff for the rents collected by him and an order that such rents be credited on account of the delinquent taxes, and that the plaintiff deliver up the tax sale certificate marked for cancellation, and a money judgment for any surplus so collected over and above the amount required to redeem.

"The said administratrix seeks as well a discovery and accounting, and to recover the amount collected by the plaintiff as and for rents, upon the theory that any over-plus of rents in excess of the amount necessary to discharge the tax lien she, as trustee, should have for the heirs.

"The plaintiff seeks to justify his having taken possession of the premises here involved and upon which he expended the various sums of money above set forth, upon the theory that the said Martha Gressman abandoned the title to him. He alleges that some four or five weeks after his purchase of the tax sale certificate he and his lawyer called upon Mrs. Gressman, who was then over 75 years of age and was living with her son by a marriage prior to that to Mr. Gressman, at his home. This was not the premises here involved. I am satisfied from the testimony that although this son may have delivered a key to the premises here involved to the plaintiff, it was not done with an intent to relinquish Martha Gressman's title to said premises, nor to authorize the plaintiff to handle the property *carte blanche*, as he may have deemed fit.

"The plaintiff here was no novice in tax foreclosures. He had brought several such proceedings prior to that now before the court. He testified that he depended upon his lawyer, who accompanied him upon the occasion of his visit

to Martha Gressman at the time of her alleged abandonment of the property. He knew that he was required to foreclose the tax sale certificate before he obtained title. In fact, he advised the said Martha Gressman that 'we'll have to foreclose * * * but in the meantime I would like to go on the premises.' Upon such a flimsy statement he predicates the alleged abandonment and permission to repair, convert, alter and furnish the premises. The following statement in *Nelson v. Naumowicz,* 1 *N. J.* 300 (1949) applies with equal force here:

'Mrs. Naumowicz knew that her tax sale certificate did not carry the incidents of ownership and that she should proceed by bill to foreclose the owner's right of redemption. So thoroughly did she understand that legal fact that she engaged an attorney to institute proceedings and paid him a retainer to that end; but she professes not to know what happened to the suit. Nevertheless she went on to make disbursements, many of them for capital improvements for which she would not have been awarded reimbursement even had she been in lawful possession. It is the essence of appellant's argument under her second point that she assumed, and was justified in assuming, from the attitude of the owner that the latter had abandoned the premises; but assuming this to be the fact, such an abandonment gave no rights to the appellant. Under the tax act, *R. S.* 54:5–54, *N. J. S. A.*, the owner had the right to redeem within two years of the date of sale or at any time thereafter until the right to redeem had been cut off by the statutory foreclosure.'

"The purchase of the tax sale certificate by the plaintiff gave him no possessory right and his entrance into possession amounted to a trespass. He is, therefore, not entitled to recovery for any repairs or improvements. *Nelson v. Naumowicz, supra; Coleman v. Sweeney,* 11 *N. J. Super.* 352 (*Ch. Div.* 1951).

"As was the case in *Coleman v. Sweeney, supra,* the allowance demanded by the defendants is akin and tantamount to a common-law action for *mesne* profits. Ordinarily, compensatory damages in such suits are measured by the fair and reasonable value of the land. The statute applicable hereto, *R. S.* 2:51–48, reads as follows:

'The plaintiff may recover of the defendant as damages, in his action for mesne profits, the full value of the use and occupation

of the premises for the time, not exceeding six years before the commencement of the action, the defendant was in possession thereof, which damages shall not include the value of the use of improvements made by defendant.'

"The defendants would in no event be entitled to the value of the use and occupation of the premises with the improvements.

"I find that the reasonable value of the use and occupation of the premises, without such improvements, is $35 per month.

"The defendant Martha Gressman was admittedly the widow of the owner of the fee, Henry P. Gressman, and never had dower assigned to her.

"*R. S.* 3:37-4 reads as follows:

'Until dower or curtesy is assigned, the widow or widower may remain in, hold and enjoy the mansion house of his or her spouse and the messuage or plantation belonging thereto, without being liable to pay rent therefor.

'After assignment of dower or curtesy, the rights confirmed in and granted to the widow or widower by this section shall cease.'

"This right of the widow to enjoy the mansion house of her spouse until dower assigned is commonly referred to as the right of quarantine. She was entitled to this quarantine even though she did not remain in possession nor exercise dominion over the mansion house. *Woolf v. Woolf*, 10 *N. J. Super.* 470 (*App. Div.* 1950).

"*R. S.* 54:5-54, so far as here pertinent, reads as follows:

'The owner, mortgagee, occupant or other person having an interest in land sold for municipal liens, may redeem it * * *.'

Martha Gressman is such a person having an interest in the land and may therefore redeem. *Taylor v. Borgfeld*, 139 *N. J. Eq.* 177 (*Ch.* 1947); *Cannici v. Scott*, 20 *N. J. Super.* 97 (*Ch. Div.* 1952).

"The plaintiff must therefore credit upon the taxes allegedly due the sum of $35 per month for the above period, and

pay over to the widow, Martha Gressman, any sum so computed in excess of the amount necessary to redeem the tax sale certificate.

"The administratrix is not entitled to either redeem or to a judgment for any portion of the rents collected by plaintiff."

PER CURIAM. The judgment of the Chancery Division is affirmed for the reasons expressed in the foregoing opinion of Judge Haneman.

An allowance of $250 is made to counsel for the respondent, Martha Gressman, for services on this appeal.